UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DUFFY ARCHIVE LIMITED | Case No.: 22-10968 |
| Plaintiff, | Gershwin A. Drain |
| v. | United States District Judge |
| VELVET BULLDOG, LLC, D/B/A ROBERT KIDD GALLERY, *et al.*, | Curtis Ivy, Jr. United States Magistrate Judge |
| Defendants. _____/ | |

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL (ECF No. 23)**

Plaintiff filed this case on May 5, 2022.  (ECF No. 1).  This matter is presently before the Court on Plaintiff's motion to compel.  (ECF No. 23).  This motion was referred to the undersigned.  (ECF No. 24).  For the reasons discussed below, the undersigned **GRANTS** Plaintiff's motion to compel.  (ECF No. 23).

**I.    DISCUSSION**

At issue here is Plaintiff's First Set of Requests for Production to all appearing Defendants,[1] Plaintiff's First Set of Interrogatories to Defendant Velvet Bulldog, LLC, Plaintiff's First Set of Interrogatories to Defendant Marti, and

---

[1] Velvet Bulldog, LLC d/b/a Robert Kidd Gallery ("Velvet Bulldog, LLC"), Gerard Marti ("Marti"), and Vanwormer & Marti Publishing LLC ("Vanwormer & Marti Publishing") are collectively the appearing Defendants.  (ECF No. 23, PageID.117).

1

Plaintiff's First Set of Interrogatories to Defendant Vanwormer & Marti Publishing. (ECF No. 23, PageID.117).

Parties may obtain discovery related to any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26. Information within this scope of discovery need not be admissible in evidence to be discoverable. *Id.* "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320-21 (6th Cir. 2015) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)).

"The burden . . . rests with the party objecting to the motion to compel to show in what respects the discovery requests are improper." *Strategic Mktg. & Rsch. Team, Inc. v. Auto Data Sols., Inc.*, No. 2:15-CV-12695, 2017 WL 1196361, at *2 (E.D. Mich. Mar. 31, 2017) (internal citations omitted). The appearing

Defendants did not file any opposition to Plaintiff's motion to compel.  Therefore, the Plaintiff's motion to compel is **GRANTED**.  (ECF No. 23).

All of Defendants' objections are **DEEMED WAIVED** for Defendants' failure to timely respond to Plaintiff's discovery requests.  *See* Fed. R. Civ. P. 33(b)(4); *Lairy v. Detroit Med. Ctr.*, No. 12-11668, 2012 WL 5268706, at *1 (E.D. Mich. Oct. 23, 2012) ("As a general rule, failure to respond to discovery requests within the thirty days provided by Rules 33 and 34 constitutes a waiver of any objection.") (quoting *Carfagno v. Jackson Nat'l Life Ins.*, No. 99-118, 2001 WL 34059032, at *1 (W.D. Mich. Feb. 13, 2001)); *Gonzalez, Jr. v. Ohio Cas. Ins. Co.*, No. 07-13921, 2008 WL 795757, at *1 (E.D. Mich. Mar. 25, 2008) ("Courts will examine the circumstances of each case to determine whether enforcement of the waiver is equitable, including the reason for tardy compliance, prejudice to the opposing party and the facial propriety of the discovery requests.") (citing *Carfagno,* 2001 U.S. Dist. LEXIS 1768 at *5-6, 2001 WL 34059032).  Defendants did not oppose this motion and the Court does not raise arguments for the parties. Defendants are reminded of their obligation to provide a privilege log describing any documents withheld as privileged or work product.  Fed. R. Civ. P. 26(b)(5).

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal

3

Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: March 7, 2023                         <u>s/Curtis Ivy, Jr.</u>
                                                       Curtis Ivy, Jr.
                                                         United States Magistrate Judge